UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERSON IMMER VELAZQUEZ ORDONEZ,

Plaintiff,

-against-

JAMES ROBERT CUNNINGHAM, et al.,

Defendants.

1:26-CV-4438 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jerson Immer Velazquez Ordonez, of Oakland Park, Broward County, Florida, brings this action *pro se*, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 8 U.S.C. § 1183a, 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, as well as claims under state law. He seeks damages as well as injunctive and declaratory relief. Plaintiff sues: (1) James Robert Cunningham; (2) Shawn Thomas Isenhour; (3) Steven S. Margolis; (4) Gregory B. Taylor, P.A.; (5) Gregory Taylor Title, LLC; (6) Jason Johnson; (7) RE/MAX Experience (Wilton Manors); (8) RE/MAX, LLC; (9) RLI Insurance Company; (10) Continental Insurance Company; (11) Florida Municipal Insurance Trust; (12) the City of Wilton Manors, Broward County, Florida; (13) the City of Oakland Park, Broward County, Florida; (14) the City of Fort Lauderdale, Broward County, Florida; (15) the Broward County Sheriff's Office; (16) Dean Trantalis, in his individual capacity and in his official capacity as Mayor of the City of Fort Lauderdale; (17) Dean Trantalis, P.A.; (18) Thomas D. Shanahan; (19) Christopher J. Stearns Jr.; (20) Francesco A. Scaglione; (21) Jana Gold Taylor; (22) John Robert Davenport Jr.; (23) Matthew Gordon Davis; (24) Nicholas William Travis; (25) Robert Matthew Oldershaw; (26) Jeffery Rodman Lawley; and (27) "All Law Firms of

records on U.S. Southern District of Florida case 25-cv-62035,[1] Seventeen District of Broward

Case 24-01736, Twentieth District Court of Lee County Case 21-DR-003230, Case 25-CA-

00264, Six District Court of Appeal 6D2025/2458."

For the reasons set forth below, the Court transfers this action to the United States District

Court for the Southern District of Florida.

**DISCUSSION**

Under the venue provision for civil claims brought under RICO, such claims "against any

person may be instituted in the district court of the United States for any district in which such

person resides, is found, has an agent, or transacts his affairs."[2] 18 U.S.C. § 1965(a). The

applicable venue provision for the remainder of Plaintiff's claims is found at 28 U.S.C.

§ 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be

brought in a federal district court for a:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

---

[1] The Court notes that, in an order dated May 19, 2026, the United States District Court
for the Southern District of Florida dismissed without prejudice a *pro se* action previously filed
in that court by Plaintiff against many of the defendants named in this action, and in which other
defendants named in this action appeared as the defendants' counsel in that action, due to
Plaintiff's failure to comply with multiple orders of that court issued in that action. *Velazquez v.
Cunningham*, 25-CV-62035 (S.D. Fla. May 19, 2026). Ten days later, in an order dated May 29,
2026, and in response to multiple motions that Plaintiff filed in that action after that court had
dismissed that action, that court denied those motions and directed the clerk of that court not to
accept any further filings from Plaintiff in that action with the exception of those necessary to
pursue an appeal. *Velazquez*, 25-CV-62035 (S.D.N.Y. May 29, 2026).

[2] The term "person" is defined, for the purposes of claims under RICO, as including "any
individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C.
§ 1961(3).

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[3] § 1391(c)(1), (2).

With respect to Plaintiff's claims under RICO, Plaintiff does not specify where all of the defendants reside, are found, or have an agent. While he appears to allege in his complaint facts suggesting that some of the defendants, including some of the institutional defendants, may reside, are found, have an agent, or even transact their affairs within this judicial district,[4] he does not allege facts demonstrating that for all of the defendants. It seems clear from the complaint, however, that all of the defendants either reside, are found, have an agent, or, more importantly, transact their affairs, in Broward County, Florida, where Plaintiff also resides, and which lies within the Southern District of Florida. *See* 28 U.S.C. § 89(c); *Quirk v. Gilesnan*, No. 1:94-CV-3446 (JSM), 1994 WL 537137, at *2 (S.D.N.Y. Oct. 3, 1994) ("Courts have interpreted 'transacting affairs' [in the RICO context] as requiring 'the regular conduct of business of a substantial and continuous character within the district.'" (citation omitted)); *see also Pincione v.*

---

[3] For venue purposes, with respect to the residence of a defendant that is a corporation:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[4] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

*D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (summary order) (noting that, with respect to the "transacts his affairs" portion of the RICO venue provision, it "is synonymous with the Clayton Act's requirement that a party transact[ ] business in the venue. Under this definition, the business must be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." (internal quotation marks and citations omitted)). Thus, while this court may be a proper venue for Plaintiff's claims under RICO against some of the defendants, it seems clear that the United States District Court for the Southern District of Florida is a proper venue for those claims against all of the defendants.

With respect to Plaintiff's remaining claims, regardless of whether at least one of the defendants is alleged to reside within this judicial district, because not all of them are alleged to reside within the State of New York, this court is clearly not a proper venue for such claims under Section 1391(b)(1). In addition, Plaintiff does not allege facts suggesting that a substantial part of the alleged events or omissions giving rise to his remaining claims occurred within this judicial district. Thus, it is not clear that this court is a proper venue for Plaintiff's remaining clams under Section 1391(b)(2). It is clear, however, that a substantial part of the alleged events or omissions giving rise to Plaintiff's remaining claims occurred within Broward County, Florida, within the Southern District of Florida. Thus, under Section 1391(b)(2), the United States Distrct Court for the Southern District of Florida is a proper venue for Plaintiff's remaining claims.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Southern District of Florida appears to be appropriate for this action because: (1) all of the defendants either reside, are found, have an agent, or transact their affairs in the Southern District of Florida; (2) a substantial portion of the alleged events or omissions occurred within that judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would be located within that judicial district. The United States District Court for the Southern District of Florida, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 4, 2026
        New York, New York

        /s/ Laura Taylor Swain

        LAURA TAYLOR SWAIN
        Chief United States District Judge