UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERSON IMMER VELAZQUEZ ORDONEZ,

Plaintiff,

-against-

JAMES ROBERT CUNNINGHAM, et al.,

Defendants.

1:26-CV-4438 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated June 4, 2026, and entered on June 5, 2026, the Court transferred this *pro se* action *sua sponte*, under 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.[1] (ECF 9.) In that order, this Court also referrred to the transferee court the question of whether to grant Plaintiff leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"), with respect to this action, and denied Plaintiff leave to proceed IFP on appeal with respect to this Court's order. (*Id.*) On June 6, 2026, and entered on June 10, 2026, Plaintiff filed an "Emergency Motion to Stay the June 4, 2026 Transfer Order Pending Reconsideration" (ECF 11) and a "Motion for Reconsideration of Venue Transfer, and Request for Recusal" (ECF 12). On June 8, 2026, Plaintiff filed a "Motion to Compel Entry of a Ruling on [IFP] Status Based upon Chapter 13 Asset Control and Indigency Standards" (ECF 13) and a "Motion for Recusal of the Presiding Judge Pursuant to 28 U.S.C. § 455(a)" (ECF 14), which were entered on the docket on June 10, 2026. Also, on June 10, 2026, and entered on the same date, Plaintiff filed an "Emergency Motion to Stay Execution of Transfer Order and to Direct Recall of the Record Pending Resolution of Motion to Vacate." (ECF 15.)

---

[1] The record of this action has not yet been transmitted to the transferee court, in accordance with the seven-day waiting period articulated in Local Civil Rule 83.1.

The Court construes these motions as seeking: (1) reconsideration relief from the Court's June 4, 2026 order, including relief from the Court's rulings to (a) transfer this action *sua sponte*, under Section 1404(a), to the transferee court, (b) defer to the transferee court as to whether to grant Plaintiff leave to proceed IFP in this action, and (c) deny Plaintiff IFP status for the purposes of an appeal of that order; (2) a stay of the transfer and, therefore, a stay of transmittal of the record of this action to the transferee court (which has not yet occurred); and (3) the undersigned's recusal from this action. For the reasons set forth below, the Court denies all of Plaintiff's abovementioned pending motions.

## DISCUSSION

### A.    Local Civil Rule 6.3 reconsideration relief

The Court construes Plaintiff's motions as seeking reconsideration relief, under Local Civil Rule 6.3, with respect to the Court's June 4, 2026 order. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (Marrero, D.J.). The standard governing relief sought under Local Civil Rule 6.3 and relief sought under Rule 59(e) of the Federal Rules of Civil Procedure is the same. *Id.* at 508. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (Sprizzo, D.J.); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Lynch, D.J.) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

2

Plaintiff has failed to demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its decision to, in its June 4, 2026 order, transfer this action *sua sponte*, under Section 1404(a), to the United States District Court for the Southern District of Florida; defer to that court as to whether to grant Plaintiff IFP status to proceed in this action; and to deny Plaintiff IFP status with respect to an appeal of that order.

Courts have the power to transfer a civil action *sua sponte* under Section 1404(a). *See Lead Indus. Ass'n, Inc. v. OSHA*, 610 F.2d 70, 79 n. 17 (2d Cir. 1979).

The Court's decision transferring this action was not a ruling on the merits of Plaintiff's claims. *See Kurtz v. Kimberly-Clark Corp.*, 320 F.R.D. 104, 106 (E.D.N.Y. Feb. 27, 2017); *Tornheim v. Fed. Home Loan Mortg. Corp.*, No. 1:95-CV-8472 (AGS), 1996 WL 374178, at *1 (S.D.N.Y. July 1, 1996) (quoting *Interpool, Ltd. v. Certain Freights of the M/V Venture Star*, 102 B.R. 373, 377 (D.N.J. 1988), *appeal dismissed*, 878 F.2d 11 (3rd Cir. 1989)). Thus, it was within this Court's discretion to refer the decision as to whether to grant Plaintiff IFP status in this action to the transferee court because that court—the court that has been determined to be the most appropriate venue for this action—and not this court, can and must determine whether IFP status is appropriate before it decides the merits of this action. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("The statutory scheme recognizes . . . that whether a plaintiff qualifies for [IFP] status and whether his claims have merit present two distinct issues. If the plaintiff demonstrates poverty, he should be permitted to file his complaint [IFP]. Then the court may properly consider dismissing the complaint as frivolous."); *Jones v. Moorjani*, No. 1:13-CV-2247 (PAC) (JLC), 2013 WL 6569703, at *1 n.8 (S.D.N.Y. Dec. 13, 2013) ("[T]he Second Circuit has adopted a two-step process that requires courts to weigh 'whether a plaintiff qualifies for [IFP] status' *independently and before* determining 'whether his claims have merit.'"

(quoting *Potnick*, 701 F.2d at 244)), *report & recommendation adopted*, 2014 WL 351628 (S.D.N.Y. Jan. 21, 2014).

Finally, it was within this Court's discretion to deny Plaintiff IFP status with respect to an appeal of the Court's June 4, 2026 order because the Court determined that any such appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536-37 (S.D.N.Y. 2002) (Marrero, D.J.) ("The decision of whether to grant a request to proceed [IFP on appeal] is left to the District Court's discretion under [Section] 1915. The Court's discretion is limited in that: 'An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith.'" (citations omitted)).

Accordingly, the Court denies Plaintiff reconsideration relief under Local Civil Rule 6.3.

**B.      Recusal relief**

The Court also construes Plaintif's motions as seeking the undersigned's recusal from this action. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, "[u]nder the [relevant] statute, recusal is required in specific contexts not relevant here as provided for in [28 U.S.C § 455(b)] and also wherever, an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (internal quotation marks and citation omitted).

The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings almost

4

never constitute a valid basis for a bias or partiality recusal motion." *Liteky*, 510 U.S. at 555; *see*

*Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed

by a plaintiff where the judge had ruled against him on all of his previous motions).

It seems that Plaintiff seeks recusal because he disagrees with the Court's rulings in the

June 4, 2026 order. (*See* ECF 12, at 1-2; ECF 13, at 1-2; ECF 14, at 1-1.) Disagreements with the

Court's rulings, however, are insufficient reasons for the recusal of the undersigned. Accordingly,

the Court denies Plaintiff's requests for recusal of the undersigned.

### CONCLUSION

The Court denies all of Plaintiff's pending motions (ECF 11, 12, 13, 14, 15) for the

reasons discussed above. Accordingly, the Court will not stay the transfer of this action or the

transmittal of the record of this action. The Court therefore directs the Clerk of Court to

terminate ECF 11, 12, 13, 14, at 15.

In light of the Court's June 4, 2026 order, the Court also directs the Clerk of Court to

transmit the record of this action to the United States District Court for the Southern District of

Florida at the expiration of the applicable seven-day waiting period, as articulated in Local Civil

Rule 83.1. That period expires seven days after the June 5, 2026 entry of the Court's June 4,

2026 order. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                Chief United States District Judge